UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:19-CR-65-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ASHLEY LYNN LAY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 243 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Lay's guilty plea and adjudge her guilty of Count 1 of the Second Superseding Indictment (DE 72). *See* DE 244 (Recommendation); *see also* DE 235-1 (Plea Agreement). Judge Ingram expressly informed Defendant of her right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 244 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 244, **ACCEPTS** Lay's guilty plea, and **ADJUDGES** her guilty of Count 1 of the Second Superseding Indictment (DE 72);

2. Further, per Judge Ingram's recommendation (DE 244 at 2 ¶ 4) Lay disclaimed any interest in the property identified in the operative indictment (DE 72 at 5) but conceded forfeitability pursuant to Defendant's agreement (DE 235-1 ¶ 9) as to nexus. The Court finds the property forfeitable but notes that Lay disclaims. The Court preliminarily orders forfeiture subject to proper final findings as warranted by development in the record;

3. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter; and

4. The Court will issue a separate sentencing order.[1]

This the 31st day of August, 2020.

Signed By:
*Robert E. Wier*  REW
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Lay to custody. *See* DE 243. The Court, thus, sees no need to further address detention, at this time.